## United States Bankruptcy Court
### Western District of Arkansas

In re: **Melissa Dawn Lindsey / Kelli Ann Lindsey**, Debtor(s)

Case No. **5:18-bk-70003**
Chapter **13**

# Arkansas Chapter 13 Plan
(Local Form 13-1)

Original Plan ■   Amended Plan ☐   **For an amended plan, all applicable provisions must be repeated from the previous plan(s). Provisions may not be incorporated by reference from previously filed plan(s).**

List below the sections of the plan that have been changed:

State the reason(s) for the amended plan, including any changes of circumstances below. If creditors are to be added, please complete Addendum A as well as file any appropriate amended schedules.

The Amended Plan is filed:   ☐ Before confirmation
                              ☐ After confirmation

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.** You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a written objection to confirmation with the United States Bankruptcy Court either electronically (if filer is approved for electronic filing) or at the following addresses:

- **For Eastern District cases** (Batesville, Helena, Jonesboro, Little Rock, or Pine Bluff Divisions): United States Bankruptcy Court, 300 West 2nd Street, Little Rock, AR 72201

- **For Western District cases** (El Dorado, Fayetteville, Fort Smith, Harrison, Hot Springs, or Texarkana Divisions): United States Bankruptcy Court, 35 E. Mountain Street, Fayetteville, AR 72701

**The objection should be filed consistent with the following timelines:**

☐ **Original plan filed** *at the time* **the petition is filed:** Within 14 days after the 341(a) meeting of creditors is concluded.

■ **Original plan filed** *after* **the petition is filed:** Within the *later* of 14 days after the 341(a) meeting of creditors is concluded or 21 days after the filing of the plan.

☐ **Amended plan filed** *before* **confirmation:** Within 21 days after the filing of the amended plan.

☐ **Amended plan filed** *after* **confirmation:** Within 21 days after the filing of the amended plan.

**The court may confirm this plan without further notice if no objection to confirmation is timely filed.**

Debtor(s) **Melissa Dawn Lindsey**
**Kelli Ann Lindsey**                                                                         Case No. **5:18-bk-70003**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor. | ■ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Nonstandard plan provisions, set out in Part 8. | ■ Included | ☐ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1**  **The debtor(s) will make regular payments to the trustee as follows:**
  *Inapplicable portions below need not be completed or reproduced.*

**Original plan:** The debtor(s) will pay $**6,000.00** per month to the trustee. The plan length is **60** months.
The following provision will apply if completed:

Plan payments will change to $ **1,843.00**  per month beginning on  **2** .

The debtor(s) will pay all disposable income into the plan for not less than the required plan term, or the applicable commitment period, if applicable, unless unsecured creditors are being paid in full (100%). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**  **Payments shall be made from future income in the following manner:**
  ■ Direct Pay by Debtor(s)

  ☐ Employer Withholding of $_____ per month

   Name of debtor for withholding_____

   Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ Other
   If other, please specify:____
   Employer name:  _____
   Address:        _____
                   _____
   Phone:          _____

  ☐ Employer Withholding of $_____ per month.

   Name of debtor for withholding _____

   Payment frequency: ☐ monthly, ☐ semi-monthly, ☐ bi-weekly, ☐ weekly, ☐ Other
   If other, please specify:____
   Employer name:  _____
   Address:        _____
                   _____
   Phone:          _____

**2.3**  **Income tax refunds.**

Debtor(s) **Melissa Dawn Lindsey**
**Kelli Ann Lindsey**                                              Case No. **5:18-bk-70003**

*Check one.*

■ Debtor(s) will retain income tax refunds received during the plan term and has allocated the refunds in the budget.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as described below. The debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing.

**2.4**   **Additional payments.**

*Check one.*

■ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ To fund the plan, debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

## Part 3: Treatment of Secured Claims

**3.1**   **Adequate Protection Payments.**
*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

■ The debtor(s)' plan payment to the trustee will be allocated to pay adequate protection payments to secured creditors as indicated below. The trustee shall be authorized to disburse adequate protection payments upon the filing of an allowed claim by the creditor. Preconfirmation adequate protection payments will be made until the plan is confirmed. Postconfirmation adequate protection payments will be made until administrative fees are paid (including the initial attorney's fee). Payment of adequate protection payments will be limited to funds available.

| Creditor and last 4 digits of account number | Collateral | Monthly payment amount | To be paid |
|---|---|---|---|
| **America's Car Mart, Inc** | **2009 Honda Civic 175000 miles**<br>**VIN  2HGFA16519H301080**<br><br>**NADA Guide valued Average Trade In**<br>**Location: 3698 Serenity Street, Springdale AR 72764** | 50.00 | ☐ Preconfirmation<br>☐ Postconfirmation |
| **America's Car Mart, Inc** | **2004 Toyota Sequioa 200000 miles**<br>**VIN 5N1ED28T62C560588**<br>**NADA Guide valued average trade-in**<br>**Location: 3698 Serenity Street, Springdale AR 72764** | 25.00 | ☐ Preconfirmation<br>☐ Postconfirmation |

**3.2**   **Maintenance of payments and cure of default (long term-debts, including debts secured by real property that debtor(s) intend to retain).**
*Check one.*
■ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

Debtor(s) **Melissa Dawn Lindsey**
**Kelli Ann Lindsey**                                        Case No. **5:18-bk-70003**

3.3    **Secured claims excluded from 11 U.S.C. § 506 (non-506 claims).**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*


3.4    **Claims for which § 506 valuation is applicable. Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if there is a check in the box "included" in § 1.1.**

■ The debtor(s) request that the court determine the value of the collateral securing the claims as listed below. For each nongovernmental secured claim listed below, the debtor(s) state that the value of the collateral securing the claim should be as set out in the column headed *Value of collateral*. For secured claims of governmental units, unless otherwise ordered by the court, the value of the collateral securing the claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

Secured claims will be paid the lesser of the amount of the claim or the value of the collateral with interest at the rate stated below. The portion of any allowed claim that exceeds the value will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the claim amounts listed on a filed and allowed proof of claim will control over any contrary amount listed below, except as to value, interest rate and monthly payment.

The holder of any claim listed below as having value in the column headed *Value of collateral* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Creditor and last 4 digits of account number | Collateral | Purchase date | Debt/estimated claim | Value of collateral | Interest rate | Monthly payment | Estimated unsecured amount |
|---|---|---|---|---|---|---|---|
| America's Car Mart, Inc | 2009 Honda Civic 175000 miles VIN 2HGFA16519H301080<br><br>NADA Guide valued Average Trade In Location: 3698 Serenity Street, Springdale AR 72764 | 2015 | 13,869.48 | 2,600.00 | 5.00% | 1,096.52 | 0.00 |
| America's Car Mart, Inc | 2004 Toyota Sequioa 200000 miles VIN 5N1ED28T62C560588 NADA Guide | 2015 | 4,848.64 | 4,675.00 | 5.00% | 383.33 | 0.00 |

Debtor(s) **Melissa Dawn Lindsey**
**Kelli Ann Lindsey**  Case No. **5:18-bk-70003**

| Creditor and last 4 digits of account number | Collateral | Purchase date | Debt/estimated claim | Value of collateral | Interest rate | Monthly payment | Estimated unsecured amount |
|---|---|---|---|---|---|---|---|
| | valued average trade-in Location: 3698 Serenity Street, Springdale AR 72764 | | | | | | |
| Car-Mart 0840 | 2005 Nissan Sentra | | 0.00 | 0.00 | 0.00% | 0.00 | 0.00 |

**3.5** **Surrender of collateral.**

■ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6** **Secured claims not provided treatment.** In the event that a secured claim is filed and allowed that is not provided treatment in the plan, the trustee shall pay such creditor the claim amount *without interest* after this plan in all other respects has been completed.

## Part 4: Treatment of Fees and Priority Claims

**4.1** **General.**
Trustee's fees and all allowed priority claims, including domestic support obligations, will be paid in full without postpetition interest.

**4.2** **Trustee's fees.**

The trustee's fees are governed by statute and may change during the course of the case.

**4.3** **Attorney's fees.**
The attorney's fee is subject to approval of the court by separate application. The following has been paid or will be paid if approved by the court:

| | | |
|---|---|---|
| Amount paid to attorney prior to filing: | $ | **500.00** |
| Amount to be paid by the Trustee: | $ | **3,000.00** |
| Total fee requested: | $ | **3,500.00** |

Upon confirmation, the attorney shall receive an initial fee as provided in the application and approved by the court from funds paid by the debtor(s), after administrative costs have been paid. The remaining fee will be paid at the percentage rate of the total disbursed to creditors each month provided in the application approved by the court.

The initial fee and percentage rate requested in the application are $ __**1,000.00**__ and __**25.00**__ %, respectively.

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

■ Filed and allowed priority claims (usually tax claims), including without limitation, the following listed below, will be paid in full in accordance with 11 U.S.C. § 1322(a)(2), unless otherwise indicated. For claims filed by governmental units, the categorization of the claim by the creditor (secured, priority, nonpriority unsecured) and amounts shall control over any contrary amounts unless otherwise ordered by the court.

Debtor(s) **Melissa Dawn Lindsey**
**Kelli Ann Lindsey**                                                                 Case No. **5:18-bk-70003**

| Creditor | Nature of claim (if taxes, specify type and years) | Estimated claim amount |
|---|---|---|
| Arkansas DF&A | | 11,813.62 |
| Arkansas DF&A | | 2,421.70 |
| IRS | | 55,548.34 |
| Washington County Tax Collecto | Personal Property | 229.00 |

4.5     **Domestic support obligations.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

# Part 5: Treatment of Nonpriority Unsecured Claims

5.1     **Nonpriority unsecured claims.**
Allowed nonpriority unsecured claims shall be paid at least as much as they would receive if the debtor(s) filed a Chapter 7 case. **Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below**. For above median income debtor(s), the distribution to unsecured creditors includes any disposable income pool (monthly disposable income times 60 months) from Form 122C-2, unless the debtor(s) are unable to meet the disposable income pool based on the following circumstances: ____

*Check one, if applicable*
■ A PRORATA dividend, including disposable income pool amounts, if applicable, from funds remaining after payment of all other classes of claims; or

☐ Other, Please specifiy ____

5.2     **Special nonpriority unsecured claims and other separately classified nonpriority unsecured claims.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

5.3     **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

# Part 6: Contracts, Leases, Sales and Postpetition Claims

6.1     **Executory Contracts and Unexpired Leases.**

*Check one.*
☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

The executory contracts and unexpired leases listed below are assumed or rejected as indicated.

■ **Assumed items.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by debtor(s), or by the trustee, as set forth below. Debtor(s) propose to cure any default by paying the arrearage on the assumed leases or contracts in the amount listed on the filed and allowed proof of claim, if contrary to the amount listed below.

Debtor(s) **Melissa Dawn Lindsey**
**Kelli Ann Lindsey**                                     Case No. **5:18-bk-70003**

| Creditor | Description of contract or property | Payment to be paid by | Payment amount | Number of remaining payments | Arrearage amount | Monthly arrearage payment |
|---|---|---|---|---|---|---|
| Kendell Riggins | Residential Lease Agreement | ■ Debtor(s)<br>☐ Trustee | 1,200.00 | 2 | 2,400.00 | 184.62 |

☐ **Rejected items**. The debtor(s) reject the following executory contracts or unexpired leases. The debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. §§ 362(a) and 1301(a) be terminated as to the property only. No further payments are to be made to the creditor on the contract or lease. However, the creditor may file a claim for the deficiency and will be treated as a nonpriority unsecured creditor.

| Creditor and last 4 digits of account number | Description of contract or property |
|---|---|
| -NONE- | |

**6.2**   **Sale of assets.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

**6.3**   **Claims not to be paid by the trustee.**

*Check one.*
■ **None.** *If "None" is checked, the rest of § 6.3 need not be completed or reproduced.*

**6.4**   **Postpetition claims.**

☐ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced.*

■ Postpetition claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) may be added to the plan by the debtor(s) and, if the creditor elects to file a proof of claim with respect to the postpetition claim, the claim may be treated as though the claims arose before the commencement of the case, to be paid in full or in part through the plan. Upon completion of the case, any unpaid balance of such claim may be subject to discharge.

## Part 7: Vesting of Property of the Estate

**7.1**   **Property of the estate will vest in the debtor(s) upon:**

*Check the applicable box.*

☐ plan confirmation

■ entry of discharge

☐ other: _____

## Part 8: Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced*

*Under Bankruptcy Rule 3015.1(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in*

Arkansas Plan Form - 12/17                                                                                                                 Page  7

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                            Best Case Bankruptcy

Debtor(s) **Melissa Dawn Lindsey**
**Kelli Ann Lindsey**                                                    Case No. **5:18-bk-70003**

*this plan are ineffective.*

8.1  *The following plan provisions will be effective only if there is a check in the box "included" in § 1.2.*

**Debtors' first Plan payment of $6000.00 shall be withheld from the $15,618.26 that the Chapter 13 Trustee currently has held in trust from debtors' prior Chapter 13, Case No. 5:16-bk-71351, with the remaining $9618.26 to be refunded to the Debtors.**

## Part 9: Signatures

By filing this document, the attorney for the debtor(s) or the debtor(s) themselves, if not represented by an attorney, certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in plan form used in the Eastern and Western Districts of Arkansas, other than any nonstandard provisions included in Part 8.

/s/ Jennifer Lueker DuCharme                                  Date  January 19, 2018
**Jennifer Lueker DuCharme 2007248**
**Signature of Attorney for Debtor(s)**

/s/ Melissa Dawn Lindsey                                      Date  January 19, 2018
**Melissa Dawn Lindsey**
/s/ Kelli Ann Lindsey                                         Date  January 19, 2018
**Kelli Ann Lindsey**
**Signature(s) of Debtor(s)**
**(required if not represented by an attorney; otherwise optional)**

Debtor(s) **Melissa Dawn Lindsey**
**Kelli Ann Lindsey**　　　　　　　　　　　　　　　　　　　Case No. **5:18-bk-70003**

# Addendum A

## Listing of Additional Creditors and Claims for Plan Purposes

Note: While additional creditors may be listed on Addendum A, the debtor(s) also must file amended schedules as appropriate.

**A.1　　Prepetition Nonpriority Unsecured Claims**

The following are creditors with prepetition nonpriority unsecured claims that are added to the plan. These creditors will be provided treatment as described in Part 5.1 of the plan.

| Name and address of creditor | Last four digits of account number | Nature of debt and date incurred | Amount of debt |
|---|---|---|---|
| Arkansas DF&A<br>PO Box 9941; Little Rock, AR 72203-9941 | 5536 | 2007 and 2015 | 2,446.18 |
| Arkansas DF&A<br>PO Box 9941; Little Rock, AR 72203-9941 | 5536 | 2014 | 15,640.82 |
| IRS<br>Centralized Ins Operations; PO Box 21126; Philadelphia, PA 19114 | | 2013-2015 | 67,612.32 |
| Access Group Inc<br>10 North High Street; Suite 400; West Chester, PA 19380 | 2090 | Opened 3/16/10 Last Active 8/24/10 | 0.00 |
| Access Group Inc<br>10 North High Street; Suite 400; West Chester, PA 19380 | 2190 | Opened 3/16/10 Last Active 8/24/10 | 0.00 |
| Account Resolution Corporation<br>PO Box 3860; Chesterfield, MO 63006-3860 | | 03/01/10 | 1,681.00 |
| AFNI<br>PO Box 3097; Bloomington, IL 61702 | | 09/01/13 | 59.00 |
| American Infosource LP<br>as agent for Verison; P O Box 248838; Oklahoma City, OK 73124 | | | 757.24 |
| Capital One<br>Attn: General Correspondence/Bankruptcy; Po Box 30285; Salt Lake City, UT 84130 | 9577 | Opened 1/06/15 Last Active 11/30/15 | 441.00 |
| Capital One<br>Attn: General Correspondence/Bankruptcy; Po Box 30285; Salt Lake City, UT 84130 | 3093 | Opened 6/20/15 Last Active 11/30/15 | 655.00 |
| Car-Mart<br>2724 W MLK Blvd; Fayetteville, AR 72704 | 0601 | | 160.71 |
| Colonial Auto Finance<br>802 SE Plaza Avenue; Suite 114; Bentonville, AR 72712 | 0840 | 07/01/15 | 5,458.00 |
| Colonial Auto Finance<br>802 SE Plaza Avenue; Suite 114; Bentonville, AR 72712 | 9203 | 07/01/13 | 5,054.00 |

Debtor(s) **Melissa Dawn Lindsey**
**Kelli Ann Lindsey**                                                                                                Case No. **5:18-bk-70003**

| Name and address of creditor | Last four digits of account number | Nature of debt and date incurred | Amount of debt |
|---|---|---|---|
| **Colonial Auto Finance** Attn: Bankruptcy; 802 Se Plaza Ave   Ste 114; Bentonville, AR 72712 | 9750 | Opened 06/14  Last Active 4/04/15 | 0.00 |
| **Commonwealth Financial Sys** 245 Main Street; Scranton, PA 18519 | 05N1 | 01/01/2016 | 77.00 |
| **Commonwealth Financial Sys** 245 Main Street; Scranton, PA 18519 | 03N1 | 01/01/16 | 60.00 |
| **Convergent Outsourcing, Inc.** 800 SW 39th St.; PO Box 9004; Renton, WA 98057 | 7XXX | 04/28/15 | 1,963.94 |
| **Cornerstone/AES** Attn: Bankruptcy; Po Box 2461; Harrisburg, PA 17105 | 0001 | Opened 08/16  Last Active 11/30/17 | 12,956.00 |
| **Credit One Bank Na** Po Box 98873; Las Vegas, NV 89193 | 3681 | Opened  7/03/15  Last Active 11/29/15 | 495.00 |
| **Darwin Solutions, Inc.** PO Box 10948; Fayetteville, AR 72703 | | | 0.00 |
| **David A Ruff** 280 N. College, Suite 202; Fayetteville, AR 72701 | | | 0.00 |
| **Discover Bank** P O Box 3025; New Albany, OH 43054-3025 | | | 0.00 |
| **Discover Financial** Po Box 3025; New Albany, OH 43054 | 9629 | Opened  6/01/14  Last Active 11/29/15 | 155.59 |
| **Enhanced Recovery Company LLC** 8014 Bayberry Road; Jacksonville, FL 32256-7412 | 4176 | 11/01/13 | 224.00 |
| **FedLoan Servicing** Attention: Bankruptcy; Po Box 69184; Harrisburg, PA 17106 | 0002 | Opened  3/16/10  Last Active 12/04/13 | 0.00 |
| **FedLoan Servicing** Attention: Bankruptcy; Po Box 69184; Harrisburg, PA 17106 | 0003 | Opened  8/13/10  Last Active 12/04/13 | 0.00 |
| **FedLoan Servicing** Attention: Bankruptcy; Po Box 69184; Harrisburg, PA 17106 | 0004 | Opened  8/13/10  Last Active 12/04/13 | 0.00 |
| **FedLoan Servicing** Attention: Bankruptcy; Po Box 69184; Harrisburg, PA 17106 | 0001 | Opened  3/16/10  Last Active 12/04/13 | 0.00 |
| **Financial Recovery Services** P.O. Box 385908; Minneapolis, MN 55438-5908 | 2305 | 11/29/15 | 54.63 |
| **Fingerhut** Bankruptcy Dept; 6250 Ridgewood Rd; Saint Cloud, MN 56303 | 1651 | Opened 06/14  Last Active 6/30/14 | 0.00 |

Debtor(s) **Melissa Dawn Lindsey**
**Kelli Ann Lindsey**                                                    Case No. **5:18-bk-70003**

| Name and address of creditor | Last four digits of account number | Nature of debt and date incurred | Amount of debt |
|---|---|---|---|
| **Fingerhut** Bankruptcy Dept; 6250 Ridgewood Rd; Saint Cloud, MN 56303 | 2305 | Opened 06/15  Last Active 11/29/15 | 0.00 |
| **First Premier Bank** 601 S Minnesota Ave; Sioux Falls, SD 57104 | 0304 | Opened 09/15  Last Active 11/29/15 | 527.00 |
| **Focus Receivables Management** 1130 North Parkway, Suite 150; Marietta, GA 30067 | 4451 | 06/01/14 | 98.00 |
| **Ken Lance and Company Inc** 4000 N Frontage Road; Fayetteville, AR 72703 | 4725 | 10/28/14 | 630.50 |
| **Langham Investment** c/o Dan Ivy; 2140 N. College; Fayetteville, AR 72703 | 6483 | 05/09/16 | 16,604.69 |
| **Lindsey & Associates** Attn: Property Manager; 3801 W. Walnut Street; Rogers, AR 72756 | | | 0.00 |
| **LVNV Funding LLC** P.O. Box 10584; Greenville, SC 29603-0584 | | | 530.04 |
| **Portfolio Recovery** Po Box 41067; Norfolk, VA 23541 | 7784 | Opened 07/14  Last Active 10/20/14 | 0.00 |
| **Premier Bankcard, LLC** Jefferson Capital Systens; P O Box 7999; Saint Cloud, MN 56302-7999 | | | 0.00 |
| **Professional Credit  Mgmt** Po Box 4037; 500 West Washington Ave; Jonesboro, AR 72403 | 1258 | Opened 11/11  Last Active 2/19/13 | 0.00 |
| **Professional Credit Management** PO Box 4037; Jonesboro, AR 72403-4037 | 4557 | 10/01/14 | 123.00 |
| **Quantum3 LLC as agent for Sadino Funding; P O Box 788; Kirkland, WA 98083-0788** | | 07/01/16 | 54.63 |
| **Rent-A-Center** 3041 N College Avenue; Fayetteville, AR 72703 | | | 0.00 |
| **Round Two Recovery** 3680 E. I 240 Service Road; Oklahoma City, OK 73135 | 4588 | 09/01/14 | 15.00 |
| **Security Finance Corp.** Attn: Bankruptcy Dept; PO Box 811; Spartanburg, SC 29304 | x206 | 03/07 | 0.00 |
| **Security Finance Corp.** Attn: Bankruptcy Dept; PO Box 811; Spartanburg, SC 29304 | x383 | 11/17/06 | 0.00 |
| **TSI/909** P O Box 17205; Wilmington, DE 19850 | 3267 | | 238.00 |

Debtor(s) **Melissa Dawn Lindsey**
**Kelli Ann Lindsey**                                    Case No. **5:18-bk-70003**

| Name and address of creditor | Last four digits of account number | Nature of debt and date incurred | Amount of debt |
|---|---|---|---:|
| **Tulsa Adjustment Bureau** <br> **1754 Utica Square #283;** <br> **Tulsa, OK 74114** | 0332 | 04/01/11 | 81.00 |
| **Tulsa Adjustment Bureau** <br> **1754 Utica Square #283;** <br> **Tulsa, OK 74114** | 1297 | 09/01/10 | 72.00 |
| **Tulsa Adjustment Bureau** <br> **1754 Utica Square #283;** <br> **Tulsa, OK 74114** | 0616 | 01/01/11 | 54.00 |
| **United Consumer Financial Services** <br> **865 Bassett Rd; Westlake, OH 44145** | 3814 | Opened 01/16  Last Active 5/08/16 | 0.00 |
| **United Consumer Finl** <br> **865 Bassett Road; Westlake, OH 44145-1194** | | | 0.00 |
| **Us Dept Of Ed/Great Lakes Higher Educati** <br> **Attn: Bankruptcy; 2401 International Lane; Madison, WI 53704** | 1577 | Opened 03/10  Last Active 6/15/15 | 11,926.00 |
| **Us Dept Of Ed/Great Lakes Higher Educati** <br> **Attn: Bankruptcy; 2401 International Lane; Madison, WI 53704** | 2581 | Opened 08/10  Last Active 6/15/15 | 11,604.00 |
| **Washington Regional** <br> **PO Box 1887; Fayetteville, AR 72702** | 9743 | 12/08/15 | 920.00 |
| **Webbank Fingerhut** <br> **6250 Ridgewood Road; Saint Cloud, MN 56303** | 0640 | 06/01/15 | 401.00 |
| **WHEJ, Limited Partnership** <br> **2140 N. College Avenue;** <br> **Suite 2; Fayetteville, AR 72703** | | | 16,054.43 |

**A.2    Postpetition Nonpriority Unsecured Claims**

The following are creditors with postpetition nonpriority unsecured claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) that are added to the plan by the debtor(s). The creditors listed below are entitled to participate in the debtor(s)' bankruptcy case at the election of the creditor.

**A creditor may elect to participate in the plan by filing a proof of claim for the postpetition claim. The claim will be treated as though the claim arose before the commencement of the case and will be provided treatment as described in Part 5.1 of the plan. Upon completion of the plan and case, any unpaid balance of such claim may be subject to discharge.**

| Name and address of creditor | Last four digits of account number | Nature of debt and date incurred | Amount of debt | Approval to incur obtained from trustee or court |
|---|---|---|---|---|
| **-NONE-** | | | | Yes <br> No |